## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

HUMANE CONSUMER LLC,

      Plaintiff,

v.

COB ECOMMERCE EMPIRE LLC d/b/a KEEVA
ORGANICS, et al.,

           Defendants.

_____

Civil Action No. 18-cv-5622 (PKC)

**ANSWER, COUNTERCLAIM AND
THIRD PARTY COMPLAINT OF
DEFENDANTS COB ECOMMERCE
EMPIRE LLC AND CHARLES
CRAWFORD**

COB ECOMMERCE EMPIRE LLC,
Defendant/Third Party Plaintiff,

v.

MICHAEL KIM,

           Defendants.

_____

Civil Action No. 18-cv-5622 (PKC)

      Defendants COB ECOMMERCE EMPIRE LLC ("COB") and CHARLES CRAWFORD

("Crawford") (collectively, "COB Defendants"), by way of answer to the Complaint, state as

follows, with the responsive allegation matching the numbered allegation in the complaint:

      1.     The allegation is a statement of what the complaint purports to be, which

complaint speaks for itself, but to the extent it implies liability on the part of the COB

Defendants, it is denied.

      2.     The COB Defendants lack information sufficient to form a belief as to the truth or

falsity of the allegations contained herein.

      3.     The COB Defendants admit the allegations contained herein.

      4.     This allegation is addressed to other than the COB Defendants so same is neither

admitted nor denied as to them, but COB Defendants avert that on or about December 18, 2017,

Crawford purchased the member interest of O'Brien in COB, and that COB has been since on or about December 18, 2017 the sole owner of Keeva Organics.

5.    COB Defendants admit the allegation as of on or about December 18, 2017.

6.    COB Defendants admit that there is a keevaorganics.com website that offers products for sale,, but does not know what "fully interactive" means and therefore denies that and the remainder of the allegations as stated.

7.    COB Defendants deny the allegations contained herein as stated except admits the allegation that the Keeva Website states that U.S. Medical Times has rated Keeva as the #1 Rated Most Effective Natural Acne Cream for 2018 and contains disclaimers that indicate it is an advertisement site also known as an advertorial.

8.    This allegation is addressed to other than the COB Defendants so same is neither admitted nor denied, except avers that Crawford and O'Brien LLC was a marketing entity which assets have been sold to a third party and at present is inactive.

9.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied., except Crawford avers that he no longer holds an interest in www.crawfordandobrien.com, which assets have been sold to a third party.

10.    This allegation is addressed to other than the COB Defendants so same is neither admitted nor denied, but aver that the website is owend and operated by COB.

11.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied, but aver only that Crawford is the principal of COB.

12.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied.

13.     This allegation is addressed to other than the COB Defendants so same is neither admitted nor denied as directed to them, but denied as stated as against COB Defendants.

14.     Denied.  Crawford currently maintains an address at 6900 East Princess Drive, Unit 2106, Phoenix AZ 85054.

15.     Denied.  On or about December 18, 2017, O'Brien sold his membership interest in COB to Crawford and O'Brien no longer had any interest in keeva as alleged herein.

16.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, except admits that COB has had its products sold through Serex Enterprises LLC ("Serex").

17.     COB Defendants neither admit nor deny the allegation since purports to allege what the website of an entity other than COB Defendants states, and affirmatively avers that COB has been suspended from direct selling on Amazon as a result of bad acts committed by Plaintiff and its principal, Michael Kim.

18.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

19.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

20.     This is a legal allegation of jurisdiction, which COB Defendants neither admit nor deny but leave Plaintiff to its proofs.

21.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied, but to the extent it includes COB and Crawford, it is denied.

22.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied, but to the extent it includes COB and Crawford, it is denied.

23.    COB Defendants deny the allegations as stated herein.

24.    This is a statement of jurisdiction and COB Defendants leave Plaintiff to its proofs.

25.    This is a statement of jurisdiction and COB Defendants leave Plaintiff to its proofs.

26.    COB admits that venue is proper in this district but Crawford does not, and both assert that grounds exist for transfer of venue.

27.    COB Denfendants lack information sufficient to form a belief as to the truth or falsity of the allegations alleged herein.

28.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, except admit that Keeva acne products were sold on Amazon.com in or about July 2015, are still sold on Amazon.com but COB itself has had its account suspended due to the bad acts of Plaintiff and Kim.

29.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but aver that O'Brien and Crawford established Crawford and O'Brien LLC in Arizona in or about July 2012 and that that on or about December 18, 2017, Crawford purchased the member interest of O'Brien in COB, and that COB has been since on or about December 18, 2017 the sole owner of Keeva Organics.

30.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied.

31.     This allegation purports to recite what was or is on a website, so same is neither admitted nor denied as to them, but COB Defendants refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

32.     This allegation purports to recite what was or is on a website, so same is neither admitted nor denied as to them, but COB Defendants refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

33.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, except admit that Keeva acne products were sold on Amazon.com in or about July 2015, are still sold on Amazon.com but COB itself has had its account suspended due to the bad acts of Plaintiff and Kim.

34.     They admit the allegations contained herein, as of December 2017.

35.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but they admit the allegations contained herein, as of December 2017.

36.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, except admit that COB sells, markets, advertises, and promotes acne treatment products under the Keeva mark.

37.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

38.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

39.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

40.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs.

41.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs but deny the remainder of the allegations consisting of Plaintiff's summary, and as to the Exhibit A, it appears to have part of it blocked out, and to the extent reliance is made on the central square, COB Defendants leave Plaintiff to its proofs except avers that the box referenced may be an older box no longer in use.

42.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied, but to the extent it includes COB and Crawford, and to the extent that it makes allegations 'by example" and describing "most" symbols and images are false and misleading, such lack of specificity causes COB Defendants to deny the allegations as stated, and otherwise leaves Plaintiff to its proofs, except avers that COB does have FDA registration.

43.     This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied, but to the extent it includes COB and Crawford, and to the extent

that it makes allegations as to "multiple" symbols and images are false and misleading, such lack of specificity causes COB Defendants to deny the allegations as stated, and otherwise leaves Plaintiff to its proofs.

44.    COB Defendants deny the allegations as stated herein, except admit that the heading exists.

45.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the Exhibit, which speaks for itself, and leave Plaintiff to its proofs but deny the remainder of the allegations consisting of Plaintiff's summary, and as to the Exhibit A, it appears to have part of it blocked out, and to the extent reliance is made on the central square, COB Defendants leave Plaintiff to its proofs except avers that the box referenced may be an older box no longer in use.

46.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the Exhibit, which speaks for itself, and leave Plaintiff to its proofs but deny the remainder of the allegations consisting of Plaintiff's summary, and as to the Exhibit A, it appears to have part of it blocked out, and to the extent reliance is made on the central square, COB Defendants leave Plaintiff to its proofs except avers that the box referenced may be an older box no longer in use, and specifically aver that Keeva products are or have been manufactured both in the United States and in China.

47.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the Exhibit, which speaks for itself, and leave Plaintiff to its proofs but deny

the remainder of the allegations consisting of Plaintiff's summary, and as to the Exhibit A, it appears to have part of it blocked out, and to the extent reliance is made on the central square, COB Defendants leave Plaintiff to its proofs except avers that the box referenced may be an older box no longer in use.

48.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs but aver that Crawford owns the US Medical Times but denies it is an alter ego or undefined "affiliate."

49.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to their response to the allegations in Paragraphs 37-47, and specifically deny that it is a false claim that the product contains Tea Tree Oil, since the product does contain Tea Tree Oil.

50.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs, except aver that the Kristin Fields story has been removed and that it was permissible legend for marketing that was not plausible or believable.

51.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs, COB Defendants deny the allegations stated herein, and aver only that the statements are puffery, and not actionable.

52.    COB Defendants deny the allegations as stated herein, except lack information sufficient to form a belief as to the truth or falsity of the allegations contained therein as to unspecified "governmental and academic research and studies."

53.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but COB Defendants admit only the description as alleged, but deny the remainder of allegations as stated herein that declare the substantive statements false and leave Plaintiff to its proofs.

54.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they admit only that the statements are puffery, and not actionable.

55.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the websites, which speak for themselves, and leave Plaintiff to its proofs,

56.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the websites, which speak for themselves, and leave Plaintiff to its proofs and refer the Court to the allegations set forth in Paragraphs 37-55 herein.

57.    This allegation is addressed in part to other than the COB Defendants so same is neither admitted nor denied as to them, but to the extent it includes COB and Crawford, they refer the Court to the website, which speaks for itself, and leave Plaintiff to its proofs, except aver that the story was permissible legend for marketing that was not plausible or believable.

58.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

59.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations as to Humane, but aver COB competes in the market for acne relief.

60.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, but aver that Plaintiff itself, in conjunction with its principal, Kim, initiated a series of attacks through the orchestration of fraudulent buys with intent to harm COB and other of Plaintiff's competitors by generating false product safety complaints, false seller feedback, fake product reviews and rapidly-cancelled orders, and Plaintiff intended to harm COB and cause it to lose its Amazon account, which it ultimately did.

61.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, and otherwise leaves Plaintiff to its proofs.

62.    This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them except avert that they understand Plaintiff's account was temporarily suspended but reinstated, that Plaintiff suffered minimal losses and commenced operation under a new limited liability company, but continued its assault on COB and other competitive vendors.

63.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them, and otherwise leaves Plaintiff to its proofs, but aver that through Plaintiff's orchestration of fraudulent buys with intent to harm COB by generating false product safety complaints, false seller feedback, fake product reviews and rapidly-cancelled orders, Plaintiff intended to harm COB and cause it to lose its Amazon account.

64.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

65.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

66.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

67.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

68.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

69.     This allegation recites the acts of others, so COB Defendants neither admit nor deny it, but leave Plaintiff to its proofs.

70.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

71.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

72.     The COB Defendants repeat each of their allegations set forth in Paragraphs 1 through 71 as though realleged herein in their entirety.

73.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them and refer the Court to their allegations in Paragraphs 37 through 58.

74.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

75.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

76.     This is not an allegation but a statement of Plaintiff's intent, but COB Defendants deny the allegations contained herein to the extent directed to them.

77.     The COB Defendants repeat each of their allegations set forth in Paragraphs 1 through 76 as though realleged herein in their entirety.

78.     The COB Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained herein.

79.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained

herein to the extent directed to them, and refer the Court to their allegations in Paragraphs 59 through 69.

80.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

81.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

82.     This is not an allegation but a statement of Plaintiff's intent, but COB Defendants deny the allegations contained herein to the extent directed to them.

83.     The COB Defendants repeat each of their allegations set forth in Paragraphs 1 through 82 as though realleged herein in their entirety.

84.     The COB Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained herein.

85.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

86.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

87.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

88.     This is not an allegation but a statement of Plaintiff's intent, but COB Defendants deny the allegations contained herein to the extent directed to them.

89.     The COB Defendants repeat each of their allegations set forth in Paragraphs 1 through 88 as though realleged herein in their entirety.

90.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

91.     This is not an allegation but a statement of Plaintiff's intent, but COB Defendants deny the allegations contained herein to the extent directed to them.

92.     The COB Defendants repeat each of their allegations set forth in Paragraphs 1 through 91 as though realleged herein in their entirety.

93.     This allegation is addressed in part to other than the COB Defendants so same as to them is neither admitted nor denied, but COB Defendants deny the allegations contained herein to the extent directed to them.

## AFFIRMATIVE DEFENSES

1.     The complaint fails to state a cause of action upon which relief may be granted against each of the COB Defendants.

2.     The Court lacks personal jurisdiction over Charles Crawford individually.

3.     Venue is improper.

4.     The case should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404.

5.     The complaint violates Rule 8 by not specifying which defendants performed which acts or how each affected Plaintiff.

6.    The complaint violates Rule 12 by pleading legal, not factual matters.

7.    Plaintiff lacks clean hands.

8.    Plaintiff has failed to mitigate damages.

9.    COB Defendants rely on defenses of puffery, truth, exaggerated claims that are deemed implausible.

10.    Any damages to Plaintiff were the result of other parties over whom COB Defendants lack control.

11.    There is no proximate cause.

12.    Humane is not the real party in interest.

13.    Any damages are the result of other parties over whom these defendants lack control.

14.    Plaintiff has failed to join all necessary and indispensable parties.

15.    COB Defendants incorporate all allegations of the counterclaim as if reasserted herein.

**WHEREFORE**, Defendants COB Ecommerce Empire LLC and Charles Crawford demand dismissal of the complaint with prejudice, together with interest, costs, attorneys fees and such other relief as the Court deems proper.

Dated: September 25, 2018                   Respectfully submitted,


CLARK HILL PLC

*/s/  Steven M. Richman*_____
Steven M. Richman, Esq.
Clark Hill PLC
830 Third Avenue
Suite 200
New York , NY 10022
646.395.8580
646.395.8700 (Fax)

210 Carnegie Center
Suite 102
Princeton, NJ 08540
Phone: (609) 786-2911
Fax: (609) 785-2971
Email: srichman@clarkhill.com

*Counsel for Defendants COB Ecommerce Empire LLC and Charles Crawford*

## COUNTERCLAIM and THIRD PARTY COMPLAINT

COB Ecommerce Empire LLC ("COB") by way of Counterclaim and Third Party Complaint, state as follows:

### NATURE OF CLAIM

1.      This is an action based on unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as for common-law trademark infringement, unfair competition, statutory and common law unfair business practices under the laws of the State of New York. Defendant/Counterclaimant/Third Party Plaintiff COB. seeks monetary, injunctive, and other relief against Humane Consumer LLC ("Humane") and Michael Kim ("Kim") for the reasons set forth below.

### PARTIES

2.      Humane, does business as GramercyMall, is a limited liability company organized under the laws of the State of New York, and maintains its principal place of business at 120 East 23' Street, New York, NY 10010.

3.      Kim is the general manager and principal of Humane, with an address at 42 West 24th Street, New York, NY 10010.

4.      On information and belief, Grammercy LLC is the successor entity to Humane, owned and controlled by Kim.

5.      COB ECOMMERCE EMPIRE LLC ("COB") is in the business of manufacturing, marketing, promoting, and distributing consumer acne treatment products, such as bottled creams, under the "Keeva" ("Keeva") trademark.

### JURISDICTION AND VENUE

6.      This action arises under the Lanham Trademark Act, 15 U.S.C. §1051 et seq. (the

"Lanham Act") and the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

7.     This Court has jurisdiction over Plaintiff and Third Party Defendants because of they are resident in this District and have obtained revenues from solicitations in this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

## FACTS COMMON TO ALL COUNTS

9.     COB is now the owner of the trademark Keeva, Registration Number 5067383, for "Creams, namely, face creams, non-medicated acne treatment creams; Soaps, namely, body soap, bath soap, skin soap; Oils, namely, bath oils, cosmetic oils, hair oils, face oils, grape seed oil for cosmetic use, tea tree oil, essential oils, argan oil for cosmetic purposes, coconut oil for cosmetic purposes, jasmine oil for personal use, lavender oil; Shampoos, Conditioners, Body lotions." (the "Keeva Mark").

10.     Products utilized the Keeva Mark were listed as part of COB's account with Amazon.com (the "Keeva Products").

11.     In April 2018, Humane commenced a campaign to attack COB's Keeva Products listing on Amazon.com with downvotes on  reviews.

12.     It engaged in this conduct with other vendors in an attempt to wrongfully discredit its competitors.

13.     Every Amazon.com review can have an upvote or a downvote.  If a sufficient number of people click "downvote," then Amazon.com will show those reviews on top of affected listing.

14.     It was Humane's goal to rank all Keeva Products' 1-star reviews on the first page of the COB Amazon listing to disparage the Keeva Products by generating numerous 1 star

reviews.  Humane, as a company and through its principal, Kim, engineered thousands of  people to downvote COB's best reviews, and upvote COB's  1 star reviews, so that only 1 star reviews showed on the first page of the COB listing on Amazon.com.

15.    The Humane/Kim strategy worked, and the conversion rate on the COB Amazon.com listing was reduced by half, meaning that its sales were also reduced by half.

16.    Humane and Kim also employed this strategy to multiple other sellers on Amazon.com.  In particular, Humane attacked at least three other competitors listed on Page 1 of the Amazon.com for searches relating to acne treatment, so that Humane could be the highest ranking acne seller.

17.    In May 2018, after the concerted attack on COB by Humane, COB implemented defense strategies regarding its listing in an attempt to undo reversed the damage caused by Humane and Kim.  As a result of those strategies, including editing its website, COB succeeded in obtaining the showing mostly 5 star reviews on the first page of its listing, restoring COB's sales to levels prior to the Humane attack.

18.    However, the Humane attacks were renewed, and in response to this tactic, COB retaliated by doing the same.  In other words, facing the choice of litigation or providing Humane with "a taste of its own medicine," when any of COB's reviews were upvoted/downvoted, it proceeded to implement the same strategy to cause the same results to Humane.

19.    All of Humane's reviews and all of Keeva's reviews prior to July 2018 have been deleted by Amazon.

20.    Because this type of activity was mutually destructive, COB engaged a freelancer with a large network of Amazon.com accounts to buy Humane's product and engage in reciprocal behavior.  However, the Humane account on Amazon.com was shut down for only

one week, and Kim established a new limited liability company, and established a new Amazon.com seller account and started re-selling the same product. As a consequence, Humane only lost money for a week, and then recovered.

21. In furtherance of its blood feud with COB, Humane and Kim sent someone claiming to be a private investigator to Crawford's residence for the purpose of physical intimidation, threatening Crawford to "stop."

22. Humane next attacked the COB account with a "trademark violation" claim made with Amazon.com, essentially claiming that Humane owned Keeva's trademark, which it did not. COB responded Amazon.com restored the COB seller account within 48 hours. Nonetheless, those 48 hours cost COB approximately $60,000 in sales.

23. As a result of Plaintiff's targeted campaign, COB has been suspended as an Amazon.com seller, damaging it substantially and forcing it to find alternative sellers to market its product on Amazon.com

## FIRST COUNT:

### Federal Trademark Infringement and Unfair Competition Under the Lanham Act

24. The COB repeats each of their allegations set forth in Paragraphs 1 through 23 as though realleged herein in their entirety.

25. Humane's conduct constitutes trademark infringement under 15 U.S.C. § 1114 by disparaging COB's products through untrue and misleading statements made by its hired reviewers.

26. Humane's infringing acts were committed willfully and egregiously, with knowledge of COB's rights to and goodwill in it's the Keeva Mark, or with willful blindness to the same, and with the intent to cause confusion, or to cause mistake, and/or to deceive. Thus,

this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

27.     Humane's acts have diminished the goodwill enjoyed by COB  with respect to the Keeva Mark, damaging COB.

28.     Kim individually aided and abetted in such conduct and is therefore individually liable for his own violative acts.

29.     As a result of Humane's trademark infringement and disparagement, COB has suffered and will continue to suffer substantial and irreparable injury, loss, and damages to its rights in and to its Keeva Mark and the goodwill associated therewith, for which COB has no adequate remedy at law.

30.     As the acts alleged herein constitute infringement of COB's Keeva Mark and as COB has no adequate remedy at law, COB is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of Humane's profits, all damages sustained by COB, treble those profits and damages, the cost of this action plus interest and including reasonable attorneys' fees, and other amounts yet to be determined.

## COUNT 2
## Federal Unfair Competition Under the Lanham Act

31.     COB incorporates by reference preceding paragraphs 1 through 30 of this Counterclaim and Third Party Complaint as if fully restated here.

32.     Humane's use of the Keeva Mark in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

33.     Humane's use of the Keeva Mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with COB, or to the origin, sponsorship, or approval of Defendants' services by COB.

34.    Humane's and Kim's conduct violates 15 U.S.C. § 1125(a), damaging COB.

35.    Kim individually aided and abetted in such conduct and is therefore individually liable for his own violative acts.

36.    Humane's and Kim's conduct will cause further irreparable injury to COB if Humane and Kim are not restrained by this Court from further violation of COB's rights.

37.    Humane's infringing acts were committed willfully and egregiously, with knowledge of COB's exclusive rights to and goodwill in its Keeva Mark, or with willful blindness to the same, and with the intent to cause confusion, or to cause mistake, and/or to deceive. Thus, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

38.    As a result of Humane's and Kim's unfair competition, COB has suffered and will continue to suffer substantial and irreparable injury, loss, and damages to its rights in and to its Keeva Mark and the goodwill associated therewith, for which COB has no adequate remedy at law.

39.    As COB has no adequate remedy at law, COB is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of Humane's profits, all damages sustained by COB, treble those profits and damages, the cost of this action plus interest and including reasonable attorneys' fees, and other amounts yet to be determined.

## COUNT 3
### New York State Common Law Trademark Infringement and Unfair Competition

40.    COB incorporates by reference preceding paragraphs 1 through 39 of this Complaint as if fully restated here.

41.    Humane's acts constitute common law trademark infringement and unfair competition under the laws of the State of New York, and have created and will continue to

create a likelihood of confusion to COB's irreparable harm unless restrained by this Court. COB

has no adequate remedy at law for this injury.

42.     Humane's acts have diminished the goodwill enjoyed by COB with respect to its

Keeva Mark, causing damage to COB.

43.     Humane's acts demonstrate a bad faith, egregious, and willful intent to mislead,

deceive, and confuse the public.

44.     Kim individually aided and abetted in such conduct and is therefore individually

liable for his own violative acts.

45.     Humane's conduct is a violation of the common law prohibition against

trademark infringement and unfair competition.

46.     As a result of Humane's acts, COB is entitled to injunctive relief, an award of its

actual damages, and an accounting of any profits enjoyed by COB as a result of Humane's and

Kim's unlawful conduct. Further, in light of Humane's and Kim's bad faith, egregious, and

willful intent to mislead, deceive, or confuse the public, and the need to deter Humane and Kim

from similar conduct in the future, COB is entitled to punitive damages.

## COUNT 4
### New York State Unfair Business Practice

47.     COB incorporates by reference preceding paragraphs 1 through 46 of this

Complaint as if fully restated here.

48.     Humane's intentional disparagement of the Keeva Mark to promote, market, or

sell products and services, and engineering an unprovoked scheme to destroy COB's rankings on

Amazon.com, constitute a deceptive act or practice in the conduct of Defendants' business, trade,

or commerce, and in the furnishing of services to consumers and is therefore a violation of N.Y.

Gen. Bus. Law § 349 et seq.

49.     Kim individually aided and abetted in such conduct and is therefore individually liable for his own violative acts, damaging COB.

## PRAYER FOR RELIEF

1.     Wherefore, COB respectfully request that this Court enter judgment as follows:

A.     In favor of COB and against the Humane and Kim on all claims for relief alleged in the Counterclaim and Third Party Complaint and herein;

B.     That Humane and Kim, and each of their respective agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined and restrained from:

i.     Any and all use of the Keeva Mark, or any confusingly similar designation alone or in connection with other words, as a trademark, service mark, trade name, trade name component, domain name (including any registration and/or ownership thereof), logo, or otherwise, to market, advertise, or identify goods or services;

ii.     Competing unfairly with COB or otherwise injuring COB's business reputation in the manner complained of herein;

iii.     Disparaging, harassing, providing unsolicited communications to, making any negative statements about, or creating any content whatsoever, as it relates to COB, or any of COB's shareholders, directors, officers, employees, products, or services, whether published or unpublished, in any media whatsoever whether in existence now or in the future, for all of eternity.

iv.     That Humane and Kim be directed to file with this Court and to serve on COB, within 30 days after the service of an order granting injunctive relief, a report in writing under oath, setting forth in detail the manner and form in which Humane and Kim

complied with the Court's injunction.

v.      That Humane and Kim be required to pay all COB damages, including actual, direct, consequential, incidental, special, and otherwise sustained by COB as a result of Humane's and Kim's acts complained of herein, including, but not limited to, trademark infringement, unfair competition, and unfair business practices.

vi.      That damages sustained by COB as a result of Humane's and Kim's acts complained of herein, including, but not limited to, trademark infringement, cybersquatting, and unfair competition, be trebled pursuant to 15 U.S.C. § 1117.

vii.      That Humane and Kim be required to pay to COB the costs of this action, and in view of the exceptional nature of this case, COB's reasonable attorney's fees, pursuant to 15 U.S.C. § 1117.

viii.      That COB be awarded such pre-judgment interest, as permitted by law.

ix.      That COB be granted such other, different, and further relief as this Court deems just, equitable, and proper.

RESPECTFULLY SUBMITTED,

Dated:  September 25, 2018        */s/ Steven M. Richman/*
Steven M. Richman
CLARK HILL PLC
830 Third Avenue
Suite 200
New York , NY 10022
Phone: (212) 709-8084

210 Carnegie Center, Suite 102
Princeton, NJ 08540
Phone: (609) 785-2911
Email: srichman@clarkhill.com
*Counsel for Counterclaimant and Third Party
Plaintiff COB Ecommerce Empire LLC*

## DEMAND FOR JURY TRIAL

COB hereby demands a trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: September 25, 2018          */s/ Steven M. Richman/*
Steven M. Richman
CLARK HILL PLC
830 Third Avenue
Suite 200
New York , NY 10022
Phone: (212) 709-8084

210 Carnegie Center, Suite 102
Princeton, NJ 08540
Phone: (609) 785-2911
Email: srichman@clarkhill.com
*Counsel for Counterclaimant and Third Party*
*Plaintiff COB Ecommerce Empire LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day caused to be served a true and correct copy of the foregoing via ECF to all counsel of record.

This  24th day of September 2018.

/s/ Steven M. Richman/
Steven M. Richman